## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ALI DABIRI, II,

                        Plaintiff,

v.                                          CIVIL ACTION NO.   2:20-cv-00172

INTERNAL REVENUE SERVICE,

                        Defendant.


### PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).   Before this Court is the motion to dismiss filed by Defendant the Internal Revenue Service ("Defendant").   (ECF No. 5.)   For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Defendant's motion (ECF No. 5) be **GRANTED** and this action be **DISMISSED** in its entirety.

### I.    BACKGROUND

Plaintiff Ali Dabiri, II ("Plaintiff") alleges that he is "paying . . . double" the amount of Social Security and Medicare taxes that he is "supposed to" and that Defendant "is keeping the <u>forced</u> money in error."   (ECF No. 1 at 5 (emphasis in original).)   He seeks a "Refund of any payments made to [Defendant] for tax years 2017, 2018 and 2019," in the amount of $13,377.76, "Injunctive relief for future withholding of earnings, a statement for [his] payors what their duties are for withholdings, in regards to Social

Security and Medicare deductions," and "Removal" of a federal tax lien "recorded locally to defame [his] property." (*Id.*)

Plaintiff filed this action on March 9, 2020. (ECF No. 1.) Defendant filed its motion to dismiss on June 10, 2020. (ECF No. 5.) Plaintiff timely responded (ECF No. 8), and Defendant timely replied (ECF No. 9). As such, the motion is fully briefed and ready for resolution.

## II.   ANALYSIS

### A. Insufficient Service of Process

Defendant first argues that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff failed to properly serve the summons and complaint in a timely manner. (ECF No. 6 at 3–4.) Pursuant to Rule 12(b)(5), this Court may "dismiss a complaint that has not been served on a defendant in the manner prescribed by [Federal Rule of Civil Procedure] 4." *Smith v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 3:15-cv-03387, 2016 WL 696606, at *2 (S.D.W. Va. Jan. 26, 2016), *adopted by* 2016 WL 707458. Pursuant to Rule 4, service of process upon a federal agency is effectuated by sending a copy of the summons and complaint to the United States Attorney for the district where the action is brought, to the United States Attorney General, and to the agency. Fed. R. Civ. P. 4(i)(2). Defendant acknowledges that the United States Attorney for the Southern District of West Virginia received a copy of the summons and complaint, but it argues that neither it nor the Attorney General received their copies. (ECF No. 6 at 4.)

Plaintiff "bears the burden of proving adequate service once a motion to dismiss for insufficient service of process has been filed pursuant to [Rule] 12(b)(5)." *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (citing

*Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).   He offers "certified mail receipts sent to 3 entities, documented" as purported proof of service, but the return receipts attached to his response reflect that they "will be sent out June 17, 2020"—that is, more than three months after Plaintiff filed this action on March 9, 2020, and outside the ninety-day period for service in Federal Rule of Civil Procedure 4(m).   (ECF No. 8 at 2; ECF No. 8-1 at 1.)   Thus, these return receipts fail to show that Plaintiff properly effectuated service on Defendant in accordance with Rule 4's requirements.   Moreover, as Defendant points out (ECF No. 9 at 2), Plaintiff cannot himself serve the complaint. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis supplied)); *Wilson v. Suntrust Bank, Inc.*, No. 3:10-cv-573-FDW-DCK, 2011 WL 1706763, at *1 (W.D.N.C. May 4, 2011) ("[A] plaintiff herself may not effectuate service by sending a copy of the summons and complaint through certified mail.").

Plaintiff nonetheless argues that Defendant, by filing a motion to dismiss, "acknowledges they have [sic] been served."   (ECF No. 8 at 2 (emphasis deleted).) Indeed, "when service of process gives the defendant actual notice of the pending action," this Court "may construe Rule 4 liberally to effectuate service."   *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)).   Put simply, if the defendant has actual notice of the action and an opportunity to defend, requiring the plaintiff to serve the complaint properly "would result only in delay and unnecessary expense."   *Dunn v. Nicholas Cty.*, No. 2:14-cv-25532, 2015 WL 3843777, at *3 (S.D.W. Va. June 22, 2015).   This is especially true in light of the undersigned's recommendation that Defendant's motion to dismiss be granted

for other reasons.    However, in the event that the presiding District Judge declines to adopt the undersigned's recommendation with regard to the other issues raised in Defendant's motion to dismiss, the undersigned **FINDS** that Plaintiff has not satisfied his burden to demonstrate that his complaint was properly served but respectfully **RECOMMENDS** that Defendant's motion to dismiss the complaint on that basis (ECF No. 5) be **DENIED** because Defendant had actual notice of the action.

### B. Sovereign Immunity and Administrative Exhaustion

Defendant next contends that this action should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has not shown that the United States[1] has waived its sovereign immunity with respect to his I.R.C. §§ 7422 and 7433 claims.    (ECF No. 6 at 4–7.)    "[A] defendant may challenge [this Court's] subject matter jurisdiction [through a Rule 12(b)(1) motion to dismiss] in one of two ways." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).    A "facial" challenge to jurisdiction attacks the complaint's allegations of jurisdictional facts. *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).    In that manner, it is similar to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, in that "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192.    A "factual" challenge, on the other hand, involves an assertion "that the jurisdictional allegations of the complaint

---

[1] Defendant asserts that the United States, not Defendant, a federal agency, is the proper defendant in this action.    (ECF No. 6 at 1 n.1.)    Indeed, §§ 7422 and 7433 provide that a suit under their terms should be brought "against the United States."    I.R.C. §§ 7422(f)(1), 7433(a).    Whether the United States should be substituted in place of Defendant is a moot point, however, as the principles of sovereign immunity apply regardless of whether the defendant is the United States or a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government *and its agencies* from suit." (emphasis supplied)).

4

[are] not true." *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016) (quoting *Adams*, 697 F.2d at 1219).   When ruling on a factual challenge, "[t]here is no presumption of truth," and this Court "may . . . go beyond the allegations of the complaint and hold an evidentiary hearing to determine if there are facts to support the jurisdictional allegations." *Id.* (internal quotation marks omitted).   Defendant's challenge is facial because it relies on the facts alleged in Plaintiff's complaint.   (*See* ECF No. 6 at 3.)

Plaintiff "bears the burden of showing that the [federal] government has waived sovereign immunity at the motion to dismiss stage." *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 802 (4th Cir. 2019) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).   For claims brought pursuant to I.R.C. §§ 7422 and 7433, the federal government's sovereign immunity is tied to the plaintiff's exhaustion of his administrative remedies prior to filing suit.   *See* I.R.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of the Treasury] . . . ."); *id.* § 7433(d)(1) ("A judgment for damages shall not be awarded under [§ 7433(b)] unless the court determines that the plaintiff has exhausted the administrative remedies available to [him] within the Internal Revenue Service."). Put simply, if the plaintiff does not first exhaust his administrative remedies, the United States has not consented to suit and has not waived its sovereign immunity, and this Court has no jurisdiction over the action.   *United States v. Dalm*, 494 U.S. 596, 609–10 (1990); *Zinstein v. United States*, No. 1:13-cv-633 (JCC/IDD), 2013 WL 5504418, at *3 (E.D. Va.

Oct. 2, 2013) (quoting *Marcello v. IRS*, No. RDB-08-cv-2796, 2010 WL 1663994, at *2 (D. Md. Apr. 21, 2010)), *aff'd*, 584 F. App'x 100 (4th Cir. 2014).   Here, Plaintiff has not alleged any facts demonstrating that he exhausted his administrative remedies prior to filing suit.   (ECF No. 1.)   The undersigned therefore **FINDS** that Plaintiff has not met his burden to demonstrate that the United States has waived its sovereign immunity as to his I.R.C. §§ 7422 and 7433 claims[2] and respectfully **RECOMMENDS** that Defendant's motion to dismiss (ECF No. 5) be **GRANTED** as to those claims.

### C. *Request for Injunctive Relief*

Defendant also asserts that Plaintiff's request for injunctive relief prohibiting the assessment of taxes and removing a federal tax lien from his property is barred by the Anti-Injunction Act, I.R.C. § 7421(a).   (ECF No. 6 at 7–8, 9–10.)   The Anti-Injunction Act precludes this Court from issuing an injunction "to interfere with the assessment or collection of a tax."   *Int'l Lotto Fund v. Va. State Lottery Dep't*, 20 F.3d 589, 591 (4th Cir. 1994).   It provides, with some exceptions that do not apply here,[3] that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was

---

2 To the extent that Plaintiff seeks to bring claims under I.R.C. §§ 3402 and 6402 (ECF No. 1 at 3), those claims fail.   First, "§ 3402, which requires employers to withhold income taxes, does not create a private right of action for citizens."   *El-Bey v. Rogalski*, No. GJH-14-cv-3784, 2015 WL 1393580, at *3 (D. Md. Mar. 24, 2015).   Plaintiff's recourse for allegedly improperly withheld taxes is to file a refund action pursuant to I.R.C. § 7422 or an action for damages for pursuant to I.R.C. § 7433, after first exhausting his administrative remedies with Defendant.   *Boggs v. United States*, 795 F. App'x 223, 224 (4th Cir. 2020) (per curiam); *Grier v. Hilton Worldwide Inc.*, No. CV-14-00189-PHX-DLR, 2014 WL 11515700, at *3 (D. Ariz. July 21, 2014).   The same is true of I.R.C. § 6402, which authorizes the Secretary of the Treasury to issue refunds and credits in the event of overpayment.   *See Robinson-Adams v. IRS*, No. 95-cv-3727, 1996 WL 628096, at *1 (E.D.N.Y. June 12, 1996).

3 To the extent that Plaintiff seeks to bring claims under I.R.C. §§ 6331 and 7426 (ECF No. 1 at 3), which are enumerated exceptions to the Anti-Injunction Act, those claims fail.   I.R.C. § 6331 is the source of the Secretary of the Treasury's authority to levy upon a taxpayer's property when he has unpaid taxes but does not itself provide any private right of action to the taxpayer.   *Hebert v. United States*, 114 Fed. Cl. 590, 595 (Fed. Cl. 2014).   And "the purpose of [I.R.C. § 7426] was to give a judicial remedy to a person whose property is wrongfully seized to satisfy the tax liability of someone else."   *Rosenblum v. United States*, 549 F.2d 1140, 1145 (8th Cir. 1977).   Plaintiff does not allege that those circumstances exist in this case.   (ECF No. 1.)

assessed." I.R.C. § 7421(a). This includes, as pertinent here, "an injunction against the withholding of taxes," *Int'l Lotto Fund*, 20 F.3d at 592, and one "to remove tax liens," *O'Hara v. Comm'r of IRS*, No. TDC-14-cv-4044, 2015 WL 6739154, at *2 (D. Md. Nov. 2, 2015); *see Ross v. United States*, 861 F. Supp. 406, 407 (E.D.N.C. 1994). This is precisely the relief Plaintiff seeks: he requests "Injunctive relief for future withholding of earnings" and "Removal of Notice of Federal Tax Lien recorded locally to defame [his] property." (ECF No. 1 at 5.) The Anti-Injunction Act prohibits this Court from exercising jurisdiction to grant that relief. *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003) (citing *Estate of Michael* ex rel. *Michael* v. *Lullo*, 173 F.3d 503, 506 (4th Cir. 1999)). As such, the undersigned **FINDS** that Plaintiff's claims for injunctive relief cannot succeed and respectfully **RECOMMENDS** that Defendant's motion to dismiss them (ECF No. 5) be **GRANTED**.

   D. *Criminal Blackmail*

   Lastly, Defendant asserts that Plaintiff's 18 U.S.C. § 873 claim for criminal blackmail is due to be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6 at 10.) In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a Rule 12(b)(6) motion to dismiss, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found.*, 857 F.3d at 208 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'"   *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).   A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss.   *Id*. at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."   *Iqbal*, 556 U.S. at 679.   This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief."   *Id*.   Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense."   *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged."   *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

Defendant contends that Plaintiff does not have the authority to enforce 18 U.S.C. § 873, which is a criminal statute.   (ECF No. 6 at 10.)   Indeed, as a general proposition, "[a] plaintiff cannot sue to enforce rights under criminal statutes; '[o]nly the government has the ability to imprison people and thus to enforce these statutes.'"   *Cook v. Unisys Federal Gov't Grp.*, No. 7:14-cv-579, 2015 WL 5690928, at *6 (W.D. Va. Sept. 3, 2015) (quoting *Bey v. North Carolina*, No. 3:12-cv-454, 2012 WL 3528005, at *1 (W.D.N.C. Aug.

14, 2012)), *adopted by* 2015 WL 5690976 (W.D. Va. Sept. 28, 2015).   Stated another way, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).   For this reason, 18 U.S.C. § 873 does not provide a private right of action to Plaintiff.   *Hunter v. Holsinger*, No. 5:15-cv-00043, 2016 WL 1169308, at *8 (W.D. Va. Feb. 19, 2016), *adopted by* 2016 WL 1223347 (W.D. Va. Mar. 24, 2016).   The undersigned therefore **FINDS** that Plaintiff cannot bring a claim under that statute and respectfully **RECOMMENDS** that Defendant's motion to dismiss (ECF No. 5) be **GRANTED** as to any such claim.

## III.   RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss (ECF No. 5) be **GRANTED** and that this action be **DISMISSED** in its entirety.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.   Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER:        October 22, 2020

Dwane L. Tinsley
United States Magistrate Judge

10