IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALI DABIRI, II

     Plaintiff,

v.             CIVIL ACTION NO. 2:20-cv-00172

INTERNAL REVENUE SERVICE,

     Defendant.

MEMORANDUM OPINION AND ORDER

   This action was referred to the Honorable Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. Judge Tinsley has submitted his Proposed Findings & Recommendation ("the PF&R"), recommending that the court **GRANT** the defendant's motion to dismiss. [ECF No. 10]. Plaintiff, Ali Dabiri II, filed objections to the PF&R [ECF No. 11]. Defendant, Internal Revenue Service has responded [ECF No. 12]. For the reasons explained herein, the defendant's motion is **GRANTED**, and the complaint is **DISMISSED.**

 I. BACKGROUND

   Plaintiff, acting pro se, filed this action [ECF No. 1], alleging that he has been paying more than he owes in Social Security and Medicare taxes. Plaintiff seeks a refund of the money that he claims he was overly taxed in the amount of $13,377.76; injunctive relief to prevent future withholding of earnings; a "statement for [his] payors what their duties are for withholdings, in regards to Social Security and

Medicare deductions;" and removal of a federal tax lien "recorded locally to defame [his] property." [ECF No. 1 at 5].

## II. APPLICABLE LAW

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997).

## III. ANALYSIS OF SPECIFIC OBJECTIONS

The PF&R submitted by Judge Tinsley gave notice to the parties that they had a total of seventeen days from the filing of the PF&R "within which to file with the Clerk of this Court, specific written objections, identifying the portions of the PF&R to which objection is made, and the basis of such objection." [ECF No. 10 at 9].

The plaintiff's Response to the PF&R contains the following objections that I have considered *de novo*:

a. Insufficient service of process

First, Plaintiff objects to Judge Tinsley's finding that Plaintiff did not properly serve the complaint and summons. Defendant moved to dismiss the complaint for insufficient service of process. Defendant argued that Plaintiff had failed to serve the complaint and summons within a timely manner as prescribed by Federal Rule of Civil Procedure 4. [ECF No. 6 at 3–4]. Under Rule 12(b)(5), this Court may "dismiss a complaint that has not been served on a defendant in the manner prescribed by [Federal Rule of Civil Procedure] 4." *Smith v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 3:15-cv-03387, 2016 WL 696606, at *2 (S.D. W. Va. Jan. 26, 2016). Pursuant to Rule 4, service of process upon a federal agency is effectuated by sending a copy of the summons and complaint to the United States Attorney for the district where the action is brought, to the Attorney General of the United States, and to the agency. Fed. R. Civ. P. 4(i)(2). In its motion to dismiss, Defendant acknowledged that the United States Attorney for the Southern District of West Virginia received a copy of the summons and complaint, but it argues that neither it nor the Attorney General received their copies. [ECF No. 6 at 4].

In his response to the motion to dismiss, Plaintiff offered certified mail receipts which did not demonstrate that he timely served the complaint. Plaintiff now objects that his receipts demonstrate timely service. [ECF No. 11 at 1]. He argues that the certified mail receipt for the complaint and summons show that, contrary to Judge Tinsley's findings, Plaintiff served his complaint and summons on the Defendant within 90 days of filing. [ECF No. 11, Ex. E]. Plaintiff makes no specific objection to Judge Tinsley's ruling that a plaintiff does not conform with the requirements of

3

Federal Rule of Civil Procedure 4 when he serves a complaint by certified mail himself. [ECF No. 10 at 3] (*citing Wilson v. Suntrust Bank, Inc.*, No. 3:10-cv-573-FDW-DCK, 2011 WL 1706763, at *1 (W.D.N.C. May 4, 2011)). Nonetheless, Judge Tinsley ultimately ruled in favor of Plaintiff on this point by recommending that I find that Defendant had actual notice of the complaint, evidenced by the filing of a motion to dismiss. I agree with Magistrate Judge Tinsley that Defendant had actual notice of this action. The motion to dismiss on these grounds is **DENIED.**

### b. Exhaustion of administrative remedies and sovereign immunity

Plaintiff next objects to Judge Tinsley's ruling that the complaint should be dismissed on the grounds that Plaintiff has not "shown that the United States has waived its sovereign immunity with respect to his I.R.C. §§ 7422 and 7433 claims." [ECF No. 10 at 4]. Sovereign immunity is related to the exhaustion of administrative remedies. To maintain a suit for unauthorized collections against the IRS, Plaintiff must exhaust those remedies available to him within the IRS and the Secretary of the Treasury. If the administrative remedies are not exhausted, the government is held not to have consented to suit. See *Zinstein v. United States*, No. 1:12cv633, 2013 U.S. Dist. LEXIS 143672 (E.D. Va. Oct. 2, 2013). At the motion to dismiss stage, Plaintiff bears the burden of showing that the federal government has waived its sovereign immunity. *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 802 (4th Cir. 2019) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

My *de novo* review of this objection has not satisfied me that Plaintiff has exhausted his administrative remedies. Plaintiff now presents additional documentary evidence to demonstrate that purport to demonstrate exhaustion [ECF

No. 11, Ex's. A-E and items styled, 'Bonus Material']. Exhibit A is a letter from the IRS, dated July 18, 2019, in response to Plaintiff's Application for Withdrawal of Notice of Federal Tax Lien. The letter states that Plaintiff may appeal the denial determination through the Collection Appeals Program. [ECF No. 11, Ex. A]. I can find no record evidence to demonstrate that Plaintiff exhausted his remedies through the Collection Appeals program. I therefore **FIND** that Plaintiff's objection to this portion of the PF&R is without merit. The United States has not waived sovereign immunity because Plaintiff has not made a satisfactory showing that he has exhausted his administrative remedies.

## IV. GENERAL OBJECTIONS

Because Plaintiff makes no other specific objections, I adopt the remainder of the PR&R without undertaking a *de novo* review. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### a. Injunctive relief

Plaintiff objects to Judge Tinsley's recommendation that the claim for injunctive relief be dismissed. Judge Tinsley's findings state that "[t]he Anti-Injunction Act precludes this Court from issuing an injunction 'to interfere with the assessment or collection of a tax.'" [ECF No. 10 at 6]. In his objections to the PF&R, Plaintiff now argues that he is not seeking to "interfere or restrain the collection of any taxes" but seeks only an explanatory letter from the IRS "regarding their own publication 15 . . . the chart containing the withholding wages information for employers and taxpayers." [ECF No. 11 at 2]. Judge Tinsley did not make a specific recommendation for this claim. Having already ruled that this case should be

dismissed for lack of subject matter jurisdiction due to the federal government's sovereign immunity, I will not now entertain the idea of entering an injunction against the IRS to compel some type of explanatory letter. The information that Plaintiff seeks is within the public realm and speaks for itself.

Plaintiff further objects that his request for injunctive relief would not restrict the collection of taxes and would not be in violation of the Anti-Injunction Act. [ECF No. 11 at 2]. Nevertheless, Plaintiff uses his objection to persist in asking this Court for injunctive relief to discharge tax liens entered against him. [ECF No. 11 at 2]. This would be an obvious interference or restraint of the IRS's collection powers in violation of the Anti-Injunction Act. Furthermore, Plaintiff's objections to this aspect of the PF&R are conclusory and do not point to any error of fact or law in the Magistrate Judge's analysis.

### b. Criminal blackmail

Finally, Plaintiff states in his response to the PF&R that he should be able to prosecute claims for criminal blackmail. [ECF No.11 at 2–3]. Magistrate Judge Tinsley held that the blackmail statute, 18 U.S.C. § 873, does not create a private right of action for citizens to prosecute criminal claims. [ECF No. 10 at 9]. Plaintiff responds that his prosecution of the claim would not be in a private capacity.

I find this argument to be wholly meritless. The use of the blackmail laws that Plaintiff is proposing is the definition of a private right of action. There is also no question that the IRS is not attempting to blackmail Plaintiff.

## V. Conclusion

The court accepts and incorporates herein the PF&R and orders judgment consistent therewith. The court **GRANTS** the defendant's motion, **DISMISSES** the case, and **DIRECTS** that this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 27, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE